23 C.C.P.A. (Patents)
## In re HAAS.
### Patent Appeal No. 3589.

Court of Customs and Patent Appeals.
Feb. 17, 1936.

Gillson, Mann & Cox, of Chicago, Ill. (J. D. Cox, of Chicago, Ill., and Watts T. Estabrook, of Washington, D. C., of counsel), for appellant.

R. F. Whitehead, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for the Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

LENROOT, Associate Judge.

This is an appeal from a decision of the Board of Appeals of the United States Patent Office, affirming that of the examiner, rejecting all of the claims of appellant's application for lack of invention in view of the prior art. Twelve claims are involved, numbered 27 to 31, inclusive, and 33 to 39, inclusive. Claims 29 and 37 to 39, inclusive, are method claims, and the others are product claims.

Claims 27 and 29 are illustrative of the claims in issue and read as follows:

"27. In combination, a bread slicing machine, a bread wrapping machine, means for conveying baked products through said slicing machine, slicing said products, delivering the same to said wrapping machine and mechanism within said wrapping machine for enclosing said bread within a wrapper, and means for maintaining said bread in an atmosphere of sterilized air from immediately prior to its slicing until after it is wrapped."

"29. A method of slicing and wrapping bread which consists in moving the bread through a zone of sterilized air, slicing the bread in said air, and finally wrapping said bread while in said sterilized air."

The references cited are:

Myers, 1,056,046, March 18, 1913.
Rutten, 1,200,651, October 10, 1916.
Lueders, 1,282,251, October 22, 1918.
Hieber, 1,429,679, September 19, 1922.
Nicolait, 1,594,794, August 3, 1926.
Rohwedder, 1,682,581, August 28, 1928.
Schaffner, 1,768,635, July 1, 1930.
Atkins, 1,836,009, December 15, 1931.
Mayor (British), 335,013, September 18, 1930.

The alleged invention is, we think, accurately described in appellant's brief as follows:

"The invention (R. pp. 3–12D) relates to a method of and apparatus for slicing and wrapping bread in a certain manner and by a particular mechanism so that the resulting wrapped product will be free from objectionable germ spores and micro-organisms.

"The apparatus (R. pp. 3–12D) comprises what may be considered an elongated casing or a long enclosure or passage within which are located (1) a slicing machine provided with a plurality of reciprocating blades, and, beyond the slicing machine (2) a wrapping machine. Suitable conveyors are provided for conducting loaves of bread into and along the passage where it is automatically sliced and wrapped in *one continuous* operation. Means are provided for maintaining a sterilized atmosphere within the passage. In the form of the device shown in Figs. 1 to 8, inclusive, of the drawing, this means is in the form of nozzles which discharge sterilized air *directly onto the slicing knives* both above and below the loaves, thereby not only keeping the knives sterilized, but maintaining a sterilized atmosphere throughout the entire passage. In the other form of construction disclosed in Figs. 9 and 10, *ultra-violet rays are projected against the knives and bread while it is being sliced,* and against the wrapping paper and loaf both immediately before it is wrapped and onto the package after it is wrapped."

We do not find it necessary to discuss all of the references cited, but briefly describe those which we consider to be pertinent, as follows:

The patent to Hieber relates to a process for treating fruit juices in which a moderate sterilizing temperature is employed for a long period to eliminate bacteria ferments and yeast; sterilized air is employed.

The patent to Nicolait relates to a method and means for preserving perishable articles, in which a neutral or sterile atmosphere is preserved during a wrapping or packaging operation; the patent discloses a bread-wrapping machine arranged to have streams of carbon dioxide projected against the surface of each successive loaf as it undergoes the wrapping operation.

The patent to Lueders relates to a method of treating bread in which a wrapping machine is provided with a sterilizer for sterilizing by heat.

The patent to Schaffner relates to apparatus for sterilizing cereals with ultra-violet rays.

The patent to Rutten relates to a process of sterilization of victuals in which the packaged product is sterilized by heat.

The patent to Rohwedder relates to a bread-fastening machine intended to secure the slices of a loaf of bread together in their original position after the loaf has been cut by a bread-slicing machine. The patent states that the cut bread may be secured together by stapling, after which "it may be further secured by wrapping each individual loaf either manually or by being fed into a wrapping machine as it leaves the cutter."

The examiner in his statement said: "Claims 29, 37, and 38 are deemed to be lacking in invention over the conventional manner of slicing loaves of bread in view of the very common expedient of resorting to carrying out processes or operations in sterile atmospheres, as see, for example, the Hieber patent, and more particularly the Nicolait patent. Obviously, applicant has not discovered that the atmosphere carries molds and organisms which cause the spoilage of bread and numerous other foodstuffs. Such knowledge has existed for a long period of time and is almost commonplace. If it were thought expedient to carry out food treating operations under sterile conditions, the *concept* of so doing would be clearly devoid of inventive thought. The situation is not existent herein of inventive ingenuity being required to appreciate what the problem is,

for here it is deemed self-evident that bread, particularly when sliced in a warm state as is generally the practice, will spoil more rapidly if treated in the ordinary atmosphere than in a sterilized medium. And when the Nicolait patent is considered, the position just stated is rendered even more conclusive."

With respect to the remaining claims, the examiner held that, the practice broadly of slicing and wrapping bread while the latter is maintained in a sterile atmosphere being uninventive, there were no elements of structure or steps embraced in such claims that would not be obvious to one skilled in the art, without the exercise of the inventive faculty.

The Board of Appeals affirmed all the grounds of rejection stated by the examiner.

We are constrained, in view of the references, to agree with the Patent Office tribunals in their conclusions and the reasoning upon which they are based.

While appellant contends that he was the first to apply sterilized air and violet rays directly to the slicing knives, we would observe that his entire casing surrounding the knives is constantly filled with sterilized air, and therefore there would be little opportunity for the spores or micro-organisms to become attached to the blades, other than might be found in the bread to be sliced.

With respect to appellant's claim that he was the first to appreciate the fact that in slicing bread it was the knives or blades carrying mold spores and other micro-organisms into the interior of the loaf that caused the rapid development of mold and other deteriorating organisms between the slices, we are of the opinion that this was merely the ascertainment of a scientific fact. This being true, we are in agreement with the Patent Office tribunals that there is nothing in any of said claims describing structure or method that, in view of the references, would not be obvious to one skilled in the art, without the exercise of the inventive faculty.

■ While appellant's apparatus and methods are no doubt novel in the sense that the complete structure and steps are not shown in the prior art, that is not sufficient to make the claims patentable; there is also required the exercise of the inventive faculty. Thompson v. Boisselier et al., 114 U.S. 1, 5 S.Ct. 1042, 29 L.Ed. 76.

■ Aside from the sterilizing feature of appellant's alleged invention, he contends that none of the references disclose the combination of bread slicing and wrapping mechanism. The patent to Rohwedder states, as hereinbefore set forth, that after the sliced bread is secured together by stapling, "it may be further secured by wrapping each individual loaf either manually or by being fed into a wrapping machine as it leaves the cutter." We think the foregoing assumes, or at least includes, an automatic feeding of the loaves into the wrapping machine, and in any event we see no invention in using well-known automatic means in lieu of feeding the loaves into the wrapping machine by hand.

In the case of In re Gill, 36 F.(2d) 128, 130, 17 C.C.P.A. (Patents) 700, we quoted with approval from the case of Murray Rubber Co. v. De Laski & Thropp Circular Woven Tire Co. (C.C.A.) 21 F.(2d) 822, as follows: "Although invention may be found in mechanism that supplants hand operation, particularly where mechanism, in way of its own, dispenses with human element, where there has been no substantial change in mechanism or method of making product, and steps are same, and succession from one step to the other is the same as those in manual art, general rule of patent law is against 'invention.'"

To a like effect, see In re Rundell, 48 F.(2d) 958, 18 C.C.P.A. (Patents) 1290.

For the reasons herein stated, the decision of the Board of Appeals is affirmed.

Affirmed.